IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                                 No.  13-CR-663-MV

MATTHEW I. GROBSTEIN

       Defendant.

**MOTION TO CONTINUE SUPPRESSION HEARING AND FOR AN ORDER DISCLOSING AGENT PERRY'S OFFICE OF PROFESSIONAL RESPONSIBILITY INTERVIEWS**

       COMES NOW Defendant Matthew I. Grobstein, by and through counsel Marc M. Lowry, and moves the Court to continue the scheduled hearing on *Defendant's Motion to Suppress* (Doc. 44) for a period of not less than two weeks.  Defendant Grobstein additionally requests that the Court order the United States to produce Agent Jarrell Perry's statements to the Office of Professional Responsibility (OPR), requested in *Defendant's Motion and Supporting Memorandum for Disclosure of Impeachment Evidence within DEA Agent Jarrell Perry's Personnel File* (Doc. 45), five days before the suppression hearing in this matter.  As grounds, Counsel states:

1.        On August 1, 2013, at 3:58 p.m. the Court scheduled a hearing on *Defendant's Motion to Suppress* (Doc. 64).  The scheduled hearing is set to begin on August 12, 2013, a little over a week from today.

2. Defendant Grobstein plans to call out-of-state witnesses to appear at the hearing, which requires counsel to issue subpoenas, have the subpoenas served, and then coordinate for travel arrangements and accommodations for said witnesses. The witnesses will also need to make arrangements to leave work and other obligations behind in order to appear for the hearing.

3. These witnesses are essential to Mr. Grobstein's defense, and the short time frame between now and the scheduled hearing significantly diminishes counsel's ability to successfully secure their attendance at the hearing.

4. Compounding the lack of time to secure witnesses, counsel had intended to take his children on vacation before school begins on the week of August 12, 2013. Undersigned counsel had intended to depart from Albuquerque early next week and not return until August 11, 2013, the eve of the scheduled hearing. That family vacation would have to be cancelled if the current hearing date is maintained.

5. In addition to the request to continue the hearing, counsel asks the Court to order the United States to produce Agent Jarrell Perry's statements to the Office of Professional Responsibility five days before the hearing takes place. This request is made so that such materials can be used to prepare for the hearing. Defendant Grobstein requested these materials within *Defendant's Motion and Supporting Memorandum for Disclosure of Impeachment Evidence within DEA Agent Jarrell Perry's Personnel File* (Doc. 45).

6. The Government's *Omnibus Response to Defense Motions for Discovery* (Doc. 47) spends a considerable amount of time explaining the office's *Giglio* review policy, noting that there "is not a single 'personnel folder' at HQs that contains all of an employee's records," but that there is an Official Personnel File for each employee that would contain materials regarding

disciplinary actions against that employee (*See* Doc. 47, at pp. 14-15).  The Government further responded that:

> At this time [May 8, 2013], the Government has made initiated (sic) an official request as required by DOJ policy and awaits any results. If DEA advises the Government of the existence of *Giglio* material, the government will disclose those results in full compliance of its *Giglio* duties.

*See id.* at p. 15.  The only information counsel has received regarding the Office of Professional Responsibility, however, is a citation in a letter to the case *United States v. Gerardo De La Campa Rangel*, 519 F.3d 1258 (10th Cir 2008), and the conclusory statement that "Special Agent Perry maintains that he did not lie during the course of the *de la Campa-Rangel* matter, and the DEA Office of Professional Responsibility has investigated this matter and determined Special Agent Perry did not engage in misconduct."  *See* June 24, 2013 letter to counsel, attached hereto as "Exhibit A."

7.  Counsel is familiar with the above case, as he was Gerardo De La Campa-Rangel's habeas counsel.  Agent Perry was also the arresting officer in that case.  During Habeas Corpus proceedings in this matter, proceedings that the Tenth Circuit ordered to address Agent Perry's candor to the court, these same interviews with the Office of Professional Responsibility were requested.  The Court subsequently ordered that the United States produce these interviews to counsel or file a supplemental response objecting to their production.  *See Order Granting in Part and Denying in Part Petitioner De La Campa's Motion for Discovery*, attached hereto as "Exhibit B."  Rather than produce the discovery, however, the United States released De La Campa-Rangel on a time served plea, with less than 50% of his mandatory minimum sentence served.

8.       Counsel is of the belief that this favorable outcome was due to the fact that the United States did not want to disclose Agent Perry's OPR interviews due to their unfavorable content.

9.       Defendant Grobstein is entitled to all exculpatory materials, including impeachment materials, within the Government's custody or control.  *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1995).  Even if not considered to be impeachment materials, such interviews would be subject to disclosure under 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.  *See Defendant Grobstein's Notice of Request for Production of Statements and/or Jencks Act Material* (Doc. 33).  These materials are necessary for Mr. Grobstein's challenge to Agent Perry's credibility in this case.

10.      Counsel has contacted the United States, through AUSA Paul Mysliwiec, who has indicated that this motion is opposed.

      WHEREFORE, for the reasons stated above, Defendant Matthew I. Grobstein respectfully requests that this Court continue the August 12-13, 2013 suppression hearing for a period of not less than two weeks.  Mr. Grobstein additionally requests that the Court order disclosure of Agent Jarrell Perry's interviews with the Office of Professional Responsibility (OPR), as requested in *Defendant's Motion and Supporting Memorandum for Disclosure of Impeachment Evidence within DEA Agent Jarrell Perry's Personnel File* (Doc. 45), five days prior to the suppression hearing in this matter.  Undersigned counsel would request a status conference to select a hearing date suitable for the Court and the parties.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP

By: _____
Peter Schoenburg
Marc M. Lowry
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
*Attorneys for Matthew Isaac Grobstein*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of August, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul Mysliwiec
Assistant United States Attorney

_____
ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG & BIENVENU, LLP