IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                              Criminal No. 13-663 MV

v.

MATTHEW GROBSTEIN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion for Disclosure of *Brady* Material [Doc. 46]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be denied.

**BACKGROUND**

On March 5, 2013, the Grand Jury returned an indictment against Defendant, alleging that, on February 21, 2013, he possessed with intent to distribute 50 grams and more of methamphetamine, contrary to 21 U.S.C. Section 841(a)(1). The charges arose from an encounter between Defendant and DEA Special Agent Jarrell Perry on a Greyhound bus traveling from California to New York, during a layover in Albuquerque. During the encounter, Agent Perry searched Defendant's belongings, and found a substance later confirmed to be methamphetamine inside a false lining in Defendant's jacket. According to Defendant, the government originally represented that Agent Perry recorded the encounter, but then later claimed that the recording was inaudible, and finally asserted that no recording of the encounter was made. Defendant also argues that, while the encounter was going on, another passenger was similarly

1

being questioned by another law enforcement officer, Detective Walsh, who successfully recorded that encounter.  Finally, Defendant contends that, before his encounter with Agent Perry, while the bus was in the cleaning bay of the terminal, Agent Perry and Detective Walsh conducted an impermissible search of luggage stored in the cargo bay of the bus on which Defendant was travelling, and then boarded the empty bus.

On the instant motion, Defendant particularizes his request for exculpatory materials. Specifically, Defendant requests the following:

1. Any and all formal or informal promises or inducements, incentives, compensation, or other assistance the DEA or other government offices provided to Greyhound employees related in any way to Mr. Grobstein or his arrest or other persons involved in this case such as tipsters, witnesses, or informants.

2. The recording device Agent Perry used during the time of Mr. Grobstein's arrest.

3. Any audio, video, field notes, logs or reports from APD Detective and Task Force Officer John Walsh's encounter with JB the night of February 21, 2013.

4. All records, reports, logs, field notes or other evidence documenting Agent Perry and TFO Walsh's Cleaning Bay activities, including drug interdiction efforts, "sneak and peaks," and exploratory squeezing of luggage.

Doc. 46.  The government opposes Defendant's particularized request.  Doc. 47.

## LEGAL STANDARD

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. 83, 87 (1963).  The government's obligation to disclose exculpatory material attaches regardless of whether the defendant requests such material.  *See United States v. Agurs*, 427 U.S. 97, 107 (1976).  "[E]vidence is material only if there is a reasonable probability that, had the

2

evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* The Court's "materiality review does not include speculation." *Banks v. Reynolds*, 54 F.3d 1508, 1519 (10th Cir. 1995). Accordingly, "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *Id.* (citation omitted).

Similarly, "[t]he constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)). As the Supreme Court has made clear, "[a] defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. . . . [T]his Court has never held – even in the absence of a statute restricting disclosure – that a defendant alone may make the determination as to the materiality of the information." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Rather, "[i]n the typical case where a defendant makes only a general request for exculpatory material under [*Brady*], it is the [government] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Id.*

## DISCUSSION

Defendant asks the Court to order the government to produce four categories of materials that he claims are exculpatory under *Brady*, and thus subject to disclosure. The government opposes the request, on the ground that the requested information is not material to Defendant's guilt or innocence.

First, Defendant requests all promises or inducements, incentives, compensation, or other assistance the DEA or other government offices provided to Greyhound employees related in any way to Mr. Grobstein or his arrest or other persons involved in this case.  If the government intended to call a Greyhound employee as a witness, the government surely would be obligated to produce any evidence of promises, inducements, or the like offered to that witness.  On the other hand, promises or inducements made to any non-witness Greyhound employees are not material to Defendant's guilt or innocence.  Defendant's speculation that evidence of such promises or inducements *may* lead to the discovery of unconstitutional investigative measures is not the equivalent of identifying information that likely would affect the result of this proceeding.

Next, Defendant requests the recording device Agent Perry used on the night of Defendant's arrest.  Based on perceived inconsistencies in the government's representations regarding whether a recording was made of Agent Perry's encounter with Defendant and, if so, what happened to that recording, Defendant speculates that the recording device may contain exculpatory material.  Defendant, however, has presented no evidence, in the form of a sworn affidavit or otherwise, to support his theory.  In essence, Defendant requests the recording device so that he may search through it to determine whether it contains exculpatory information.  *Brady* does not authorize Defendant to embark on such a fishing expedition.

At the same time, *Brady* does impose an obligation on the government to review documents and other evidence, up to and including Agent Perry's recording device, in its possession or in the possession of its agents, in order to determine whether any exculpatory material exists.  Further, if the government's files contain any evidence, including but not limited to statements by Agent Perry demonstrating that the encounter was recorded, partially recorded,

4

recorded and then erased, or some other combination of events, such evidence would be material and thus subject to production.

Third, Defendant requests any records of the encounter between Detective Walsh and JB, another passenger on the bus who was arrested for drug possession at the same time Defendant was arrested. According to Defendant, his encounter with Agent Perry may have been partially captured through Agent Walsh's recording device, while he was recording his encounter with JB. Further, Defendant argues that any recording of Agent Walsh's encounter with JB would serve to educate defense counsel regarding the way such encounters are initiated and handled, and the techniques employed during the encounters. *Brady* does not contemplate the production of information that might "educate" defense counsel, where the evidence is not material to the guilt or innocence of Defendant himself. Further, as discussed above, *Brady* does not entitle Defendant to production of the government's recordings in order to search through them for exculpatory material. On the other hand, the government is obligated to review its recordings – including the recording of the encounter with JB – to determine whether they contains exculpatory material and, if so, to produce that material to Defendant.

Finally, Defendant requests any records documenting Agent Perry and Detective Walsh's search of the luggage in the cargo bay underneath the bus, while the bus was in the cleaning bay of the terminal. According to Defendant, surveillance video reveals that, before the encounter with him, Agent Perry, along with Detective Walsh, pulled luggage out of the cargo bay to squeeze and manipulate the contents of the luggage, and then boarded the bus, while empty, for an extended period of time. Defendant admits that his luggage was not in the cargo bay of the bus. Accordingly, records documenting Agent Perry's search of luggage in the cargo bay is not material to Defendant's guilt or innocence. With regard to Agent Perry's actions inside the empty bus,

Defendant's request for records of those actions is based on no more than speculation that such records may contain exculpatory material. Again, Defendant is not entitled to production of records in order to search through them for material information. Rather, it is the government's obligation to review such records, to the extent they exist, determine whether they contain material information and, if so, produce that information to Defendant.

## CONCLUSION

*Brady* does not entitle Defendant to production of any of the materials requested in his motion. On the other hand, *Brady* does obligate the government to disclose exculpatory materials in its possession.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Disclosure of *Brady* Material [Doc. 46] is denied.

**IT IS FURTHER ORDERED** that, in accordance with this Memorandum Opinion and Order, the government shall review the documents and other tangible evidence in its possession for *Brady* material, including but not limited to the potential *Brady* material discussed herein, and produce any such *Brady* material to Defendant in advance of the suppression hearing.

DATED this 4th day of September, 2013.

MARTHA VÁZQUEZ
United States District Judge