IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                               Criminal No. 13-663 MV

MATTHEW GROBSTEIN,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Grobstein's Motion and Supporting Memorandum for Discovery of Records or Reports and Facts or Data Underlying Expert Opinions [Doc. 39]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be denied.

## BACKGROUND

On March 5, 2013, the Grand Jury returned an indictment against Defendant, alleging that, on February 21, 2013, he possessed with intent to distribute 50 grams and more of methamphetamine, contrary to 21 U.S.C. Section 841(a)(1). The charges arose from an encounter between Defendant and DEA Special Agent Jarrell Perry on a Greyhound bus traveling from California to New York, during a layover in Albuquerque. During the encounter, Agent Perry searched Defendant's belongings, and found a substance later confirmed to be methamphetamine inside a false lining in Defendant's jacket.

On the instant motion, Defendant requests, pursuant to Rules 16(a)(1)(F) and 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the disclosure of: (1) all materials that served as a

1

basis of a government's expert opinion; (2) training materials utilized in reaching an expert opinion; (3) records from prior cases or investigations upon which witnesses relied in rendering expert opinions in this case; and (4) any other information which may serve as facts or data underlying any expert opinion.  Doc. 39.  The government opposes this request.  Doc. 47.

## LEGAL STANDARD

"The rules of criminal procedure relating to discovery in criminal cases are not as broad as those governing civil cases."  *United States v. Fred*, No. 05-801, 2006 WL 4061156, *3 (D.N.M. Nov. 8, 2006).  Specifically, "unlike their civil counterparts, criminal proceedings have no extensive discovery . . . procedures requiring both sides to lay their evidentiary cards on the table before trial."  *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010).  Rather, Rule 16 circumscribes discovery in criminal cases.  "[T]he discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions."  *United States v. Presser* , 844 F.2d 1275, 1285 (6th Cir. 1988).

Of relevance here, Rule 16(a)(1)(F), which addresses "reports of examinations and tests," states:

> Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(F).  Further, Rule 16(a)(1)(G), which addresses "expert witnesses," provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G).  Finally, Rule 16(a)(2) clarifies what is not subject to disclosure, explaining:

> [T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. Section 3500.

Fed. R. Crim. P. 16(a)(2).

## DISCUSSION

Defendant asks the Court to order the government to disclose:   (1) all materials that served as a basis of a government's expert opinion; (2) training materials utilized in reaching an expert opinion; (3) records from prior cases or investigations upon which witnesses relied in rendering expert opinions in this case; and (4) any other information which may serve as facts or data underlying any expert opinion.  According to Defendant, these materials are subject to disclosure pursuant to Rules 16(a)(1)(F) and 16(a)(1)(G).[1]   None of these categories of materials, however, fall within the scope of either of these rules.

Specifically, Rule 16(a)(1)(F) directs the government to disclose the results or reports of a physical or mental examination or any scientific test or experiment.  As the Tenth Circuit stated, "[t]he language is clear on its face.  It requires the prosecution to turn over 'results or reports' of scientific tests."  *United States v. Price*, 75 F.3d 1440, 1445 (10th Cir. 1996).  Here, Defendant

---

[1] Defendant also appears to suggest that statements included in written training materials that provide experts with the knowledge and experience they subsequently apply in reaching their opinions constitute "statements" subject to disclosure under Rule 26.2.  Rule 26.2 provides that after a witness has testified on direct examination, on motion of a party, the court must order the production of any "statement" of the witness in the possession of the opposing party's attorney that relates to the subject matter of the witness's testimony.  Fed. R. Civ. P. 26.2(a).  For purposes of Rule 26.2, a statement includes a written statement that the witness makes and signs or otherwise approves.  Fed. R. Civ. P. 26.2(f).  The Court does not find that Rule 26.2 was intended to reach statements incorporated into training materials that help form the basis for an expert's knowledge or experience.  To say that an expert has gained education from training materials is not the equivalent of saying that an expert has "adopted or approved" the statements within those training materials.

3

does not seek the results or reports of a physical or mental examination, or a scientific test or experiment, let alone the data underlying any such results or reports. Accordingly, the cases cited by Defendant in support of his request, which address the specific issue of whether data underlying physical examinations or scientific tests is subject to pretrial disclosure, are inapposite. *See United States v. Green*, 144 F.R.D. 631, 639 (W.D.N.Y. 1992) (ordering disclosure of "all findings, scientific or technical data" upon which the scientific reports of the government's expert were based); *United States v. Yee*, 129 F.R.D. 629, 635 (N.D. Ohio) (concluding "that predicate materials relied on by experts who testify in support of admission of novel scientific evidence are encompassed within the provisions of Rule 16").

Further, Rule 16(a)(1)(G) directs the government to give Defendant "a written summary" of its expert testimony, which summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Here, Defendant does not seek a written summary of expert testimony, but rather production of actual materials that form the basis for the expert's testimony. Nowhere, however, does the rule require disclosure of any information other than the written summary of the witness's testimony. While the summary must include the bases and reasons for the expert's opinions, the government is under no obligation to provide, as Defendant contends, separate and apart from the summary, additional "information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703." Doc. 39 at 4.

Finally, Defendant's invocation of the Federal Rules of Civil Procedure and a comparison of his situation and the Sixth Amendment implications present here to those in the case of a civil litigant are misplaced. While Defendant argues that the constitutional dimensions of a criminal case demand broader access to the bases for expert opinions than do those of a civil case,

4

controlling authority holds just the opposite. *See Pope*, 613 F.3d at 1259 ("unlike their civil counterparts, criminal proceedings have no extensive discovery . . . procedures requiring both sides to lay their evidentiary cards on the table before trial."). The discovery afforded to Defendant is limited to the evidence referred to in the express provisions of Rule 16. *Presser*, 844 at 1285. Because Rule 16 does not provide for the disclosure relating to expert witnesses requested by Defendant, his request must be denied.

## CONCLUSION

Rule 16 does not provide for disclosure of the materials related to expert testimony sought by Defendant in his motion. Defendant's motion thus must be denied.

**IT IS THEREFORE ORDERED** that Defendant Grobstein's Motion and Supporting Memorandum for Discovery of Records or Reports and Facts or Data Underlying Expert Opinions [Doc. 39] is denied.

DATED this 4th day of September, 2013.

MARTHA VAZQUEZ
United States District Judge