# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                        No.  13-CR-663-MV

MATTHEW I. GROBSTEIN

      Defendant.

## NOTICE OF SPECIFIC *BRADY* AND *GIGLIO* MATERIALS AND MOTION TO LIFT STIPULATED PROTECTIVE ORDER

COMES NOW Defendant Matthew I. Grobstein, by and through counsel Marc M. Lowry, and provides notice to the Court regarding specific impeachment material that should be disclosed to Defendant Grobstein concerning *Arutinova, et al. v. United States, et al.*, 1:06-cv-00763-WJ-ACT, a 2006 civil rights lawsuit in which Agent Perry was a named defendant. Defendant Grobstein respectfully asks the court to lift the protective order entered in *Arutinova* so that he can access the *Brady* and *Giglio* materials that exist in connection with this case. Defendant Grobstein makes this request under the Fifth and Sixth Amendments to the United States Constitution, and the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1977); *United States v. Bagley*, 473 U.S. 667; and *Kyles v. Whitley*, 514 U.S. 419 (1995).

In its *Memorandum Opinion and Order* on Defendant Grobstein's *Motion and Supporting Memorandum for Disclosure of Impeachment Evidence within DEA Agent Jarrell Perry's Personel File* (Doc. 45), and *Motion to Continue Suppression Hearing and for an Order Disclosing Agent Perry's Office of Professional Responsibility Interviews* (Doc. 65), the Court

ordered the United States to "review, or have a suitably responsible person in the DEA review, all of Agent Perry's personnel files, including but not limited to any OPR investigation files, that may contain material exculpatory information casting doubt on the credibility of Agent Perry, either as a general matter or with special reference to this case." (Doc. 73).  In its *Memorandum Opinion and Order* on Defendant Grobsetin's *Motion for Disclosure of* Brady *Material*, the Court ordered the United States to "review the documents and other tangible evidence in its possession for *Brady* material . . . ." (Doc. 76).

The only impeachment material Defendant Grobstein has received from the United States is a citation to *United States v. De La Campa Rangel*, 519 F.3d 1258 (10th Cir. 2008).  Counsel has become aware of another case that raises concerns regarding Agent Perry's interference with potentially exculpatory evidence, similar to Defendant Grobstein's allegations concerning the recording device in this matter.  Defendant Grobstein should have received information regarding this lawsuit from the United States, as it contains material exculpatory *Brady/Giglio* information.  In *Arutinova et al. v. United States et al.*, Plaintiffs sued the United States and law enforcement officers, including Agent Perry, in their individual capacities.  Plaintiffs in part alleged that Agent Perry and the other defendant officers took plaintiffs' camera away from them after taking pictures of the defendant officers, including Agent Perry.  *See* Complaint, attached hereto as Exhibit A, at ¶¶ 45, 47-49.  The encounter between Plaintiffs and the officers occurred at the Amtrak station in Albuquerque, New Mexico.  Plaintiffs additionally alleged that the defendant officers, including Agent Perry, refused to return the camera, ultimately leaving the scene of the encounter with Plaintiffs' camera. *See id.* at ¶ 51.

The above case appears to have settled within six months of the Rule 16 Scheduling Conference, before completion of discovery, based on the validity of allegations within the Complaint. *See* Case Civil Docket, attached hereto as Exhibit B.  The facts surrounding the confiscation of Plaintiffs' camera, which contained evidence potentially unfavorable to Agent Perry's version of events, are reminiscent of those in the present case, where there appears to be a similar interference with evidence captured using Agent Perry's recording device.  Defendant Grobstein respectfully asks the Court for relief from the *Stipulated Protective Order* that was filed in the *Arutinova* case on August 20, 2007, so that he may access information exchanged through discovery regarding the above allegations.  *See Stipulated Protective Order*, attached hereto as Exhibit C.  This information will contain details, which constitute impeachment information in the present case, regarding Plaintiffs' allegations.  Specifically, this information will contain further information regarding what happened to the photographs on Plaintiffs' camera, including the photographs of Agent Perry and the other defendant officers, after the defendant officers left the Amtrack station.

*Brady v. Maryland* and its progeny require the United States to disclose all exculpatory materials, including impeachment evidence. 373 U.S. 83 (1963); *Giglio v.United States*, 405 U.S. 150, 154-55 (1972).  When the scope of the disclosure of discovery materials to defense counsel is questionable, errors are to be made in favor of disclosure. *United States v. Agurs*, 427 U.S. 97, 108 (1976).  Impeachment evidence is crucial to a defendant's ability to mount effective defenses, including Fourth Amendment challenges, as the credibility of the arresting officer and his account of events can be the deciding factor in the outcome of the proceeding. *Napue v. Illinois*, 360 U.S. 264 (1959).  The *Arutinova* lawsuit alleged conduct on the part of Agent Perry

highly relevant to Defendant Grobstein's case, the details of which should have been disclosed to counsel.  In order for Defendant Grobstein to effectively confront Agent Perry regarding his version of the encounter with Defendant Grobstein, including the differing accounts concerning his recording device, he should have access to the material currently inaccessible pursuant to the Protective Order.  *See* Exhibit C.

WHEREFORE, for the above reasons, Defendant Grobstein respectfully provides the Court with notice regarding the specific impeachment materials connected to *Arutinova, et al. v. United States, et al.*, 1:06-cv-00763-WJ-ACT, and asks the court to lift the protective order entered in *Arutinova* so that he can access the *Brady* and *Giglio* materials that are associated with this case.

Respectfully submitted,

ROTHSTEIN, DONATELLI, HUGHES,
  DAHLSTROM, SCHOENBURG & BIENVENU, LLP

By:    /s/  *Marc M. Lowry*
        Marc M. Lowry
        500 4th Street NW, Suite 400
        Albuquerque, NM 87102
        (505) 243-1443

        *Attorney for Matthew Isaac Grobstein*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 6th day of September, 2013 I filed the foregoing electronically  through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul Mysliwiec
Assistant United States Attorney

_/s/  *Marc M. Lowry*
ROTHSTEIN, DONATELLI, HUGHES,
  DAHLSTROM, SCHOENBURG & BIENVENU, LLP

5