IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA ARUTINOVA and
EDGAR MANUKIAN,

           Plaintiffs,

- vs. -                                        Civil No. 06-763 WJ/ACT

UNITED STATES OF AMERICA,
JARRELL W. "JAY" PERRY,
a United States Drug Enforcement Administration Agent, and
DAVID SMITH,
a United States Drug Enforcement Administration Agent,
each in their individual capacities,

           Defendants.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the stipulation by and between the parties, subject to the approval of the Court, that:

1.    In the course of discovery, Plaintiffs may seek information from Defendant United States of America regarding individuals who are employed or were formerly employed by Defendant United States that Defendant United States believes is or may be subject to the protections of the Privacy Act of 1974, 5 U.S.C. § 552a, or which may otherwise intrude on the privacy interests of those individuals under standards set forth by the Privacy Act. The parties agree to this Stipulated Protective Order in order to permit Plaintiffs to discover information relevant to this case without undermining the legislative purposes underlying the Privacy Act.

2.    It is hereby agreed that, whenever Defendant United States believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or which would be deemed protected under the statutory standards set forth in the Privacy Act, government counsel shall


EXHIBIT C

designate such information confidential under the standards set forth in the Privacy Act and subject to this Stipulated Protective Order by marking the documents in a manner that clearly indicates such designation and identifies whether it is the whole document or only identified portions of the document which are deemed confidential. At any point after receipt of documents designated confidential, Plaintiffs may challenge such designation by written motion to the Court. The documents shall be kept confidential until the Court rules upon the motion challenging the designation as confidential.

3. All documents and/or information designated as subject to this Stipulated Protective Order shall be used by solely by counsel for the parties and counsel's agents or employees, solely for the purposes of this litigation. The documents shall be kept confidential in accordance with this Stipulated Protective Order by Plaintiffs and their attorneys and government counsel, and shall not be disclosed or made available to anyone except as specifically provided in this Stipulated Protective Order, or by such further Order as the Court may enter.

4. The documents may be disclosed without further Court approval only to the following: (a) the Court, as exhibits to motions or as trial exhibits subject to the provisions of paragraph 5 below, (b) Plaintiffs and Defendants and their attorneys of record and agency counsel in this action, and their agents and employees, and (c) persons retained by, or at the request of, attorneys of record to assist in this case, including but not limited to attorneys, physicians, economists and other consultants or experts. Any person provided with access to documents and/or information subject to this Stipulated Protective Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. However, nothing in this Stipulated Protective Order shall be construed to prohibit use of documents by the agency in the regular course of business as permitted by the Privacy Act, 5 U.S.C. § 552a(b).

5. The parties to this Stipulated Protective Order may file with the Clerk any portion of discovery materials containing documents and/or information designated as subject to this Stipulated Protective Order in a redacted form. If the parties intend to file any motion, response, reply or any other filing prior to trial and attach thereto, or set forth therein, any portion of the information that Defendant United States has designated as subject to this Stipulated Protective Order, the parties may file the materials subject to this Stipulated Protective Order in a redacted form or in its entirety in a sealed pleading with the court so as to exclude from the public record the information subject to this Stipulated Protective Order. A copy of the unredacted or sealed materials shall be served upon all other parties.

6. It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Stipulated Protective Order, reasonable measures to control duplication of, access to, and distribution of the documents.

7. Except as provided herein, no person having access to material designated as subject to this Stipulated Protective Order shall make public disclosure of any of the material without further Order of the Court or authorization of Defendant United States.

8. All documents and copies of documents designated as subject to this Stipulated Protective Order shall be destroyed or returned to government counsel within ninety (90) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, counsel shall so notify government counsel in writing. This provision shall not apply to (a) documents for which Defendant United States' designation has been withdrawn or terminated, (b) documents filed pursuant to paragraph three, and (c) documents that have been introduced at trial or that contain information that has otherwise become public.

9.  Nothing contained in this Stipulated Protective Order shall be construed as precluding the parties to the stipulation from introducing materials which are subject to this Stipulated Protective Order, or the contents thereof, into evidence at trial of this case.

10. Any specific part or parts of the restrictions imposed by this Stipulated Protective Order may be terminated at any time by an Order of the Court entered *sua sponte* or on the motion of any party. This Stipulated Protective Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is so ORDERED by this Court this 17th day of August 2007.

_____
ALAN C. TORGERSON
United States Magistrate Judge

Submitted by

Elizabeth M. Martinez & John W. Zavitz
Assistant United States Attorneys
Counsel for Defendants

Approved by E-mail dated August 14, 2007
Zachary A. Ives & Alexandra Freedman Smith
Freedman Boyd Daniels Hollander Goldberg & Ives, P.A.
George Bach, ACLU of New Mexico