IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 13-CR-663-MV |
| ) | |
| **MATTHEW ISAAC GROBSTEIN**, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, MATTHEW ISAAC GROBSTEIN, and the Defendant's counsel, Marc Lowry, Esq.:

**REPRESENTATION BY COUNSEL**

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

**RIGHTS OF THE DEFENDANT**

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

      3)    to testify and present evidence on the Defendant's own behalf, and

      4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to the superseding indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession With Intent to Distribute MDMA.

## SENTENCING

4.    The Defendant understands that the minimum and maximum penalty the Court can impose is:

    a.    imprisonment for a period of not more than twenty (20) years;

    b.    a fine not to exceed the greater of $1,000,000 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c.    a mandatory term of supervised release of not less than three (3) years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6.      The Defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f)(1)-(5) and USSG § 5C1.2.  If the Defendant establishes eligibility for each of the elements in § 3553(f)(1)-(5) and USSG. § 5C1.2, the Defendant would be entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and the sentence imposed could be less than any statutory minimum sentence that would otherwise apply.

7.      The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession With Intent to Distribute MDMA.

>   *First*:   The Defendant knowingly or intentionally possessed a controlled substance, as charged;
>
>   *Second*: The substance was in fact MDMA;
>
>   *Third*:   The Defendant possessed the substance with intent to distribute it;

3

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> On or about February 21, 2013, in Bernalillo County, in the District of New Mexico, I, MATTHEW ISAAC GROBSTEIN, unlawfully, knowingly and intentionally possessed with intent to distribute a controlled substance, MDMA. The MDMA was hidden in my jacket and was recovered by the police.

10. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

11. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

> a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the

4

    Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines. Further, the United States is free to withdraw this stipulation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b.  The parties agree that Defendant was a minor participant in the conduct with which he is charged, as a mere courier of the narcotics in question with no equity interest in them.

c.  Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence

…

Case 1:13-cr-00663-MV Document 159 Filed 07/06/17 Page 6 of 9

       410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

    d.    Apart from the stipulations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

12.    The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court.

## **DEFENDANT'S ADDITIONAL AGREEMENT**

13.    The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

14.  The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance. The appellate waiver in this plea agreement does not bar the defendant from seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c), should the Sentencing Commission so authorize.

## GOVERNMENT'S AGREEMENT

15.  Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a.  The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment, or otherwise currently known to the United States.

16.  This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17.  The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set

7

forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

18. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

19. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $ 100  in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 6 day of July, 2017.

JAMES D. TIERNEY
Acting United States Attorney

LETITIA CARROLL SIMMS
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I am **MATTHEW ISAAC GROBSTEIN's** attorney. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

Marc Lowry, Esq.
Attorney for the Defendant

I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

**MATTHEW ISAAC GROBSTEIN**
Defendant

9